IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **ROGER PHILLIPS,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| v. | : | **7:25-cv-75–WLS** |
| **STATE FARM,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

# ORDER

Before the Court is Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 10) filed August 20, 2025. Therein, Plaintiff, through recently retained counsel, responds to Putative Defendant's Motion to Dismiss (Doc. 7) ("Motion to Dismiss"). Plaintiff opposes the Motion to Dismiss, and alternatively, requests leave for his counsel to file an amended complaint (Doc. 10 at 3–4) ("Motion for Leave").

On August 29, 2025, Defendant State Farm[1] filed a response (Doc. 12) in opposition to the Motion for Leave asserting amending the complaint is futile for the following reasons: (1) State Farm is not a legal entity which can be sued; (2) the one year contractual limitation in Plaintiff's insurance policy bars all or part of Plaintiff's claim; and (3) the Court lacks personal jurisdiction over State Farm because process and service of process are improper per the arguments in the Motion to Dismiss. Plaintiff's counsel indicates that he can and will cure any alleged deficiencies in Plaintiff's pleadings.

Pursuant to Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally speaking, . . . the law requires that a district court liberally grant motions for leave to amend the pleadings and deny such a motion only under certain circumstances." *Schorr v. Countrywide Home Loans, Inc.*, No. 4:07-CV-019 (WLS), 2013 WL 12214430, at *2 (M.D. Ga. Jan. 31, 2013) (citing *Burger King*

---

[1] Defendant State Farm titles itself as: "State Farm, an entity which does not exist and a putative defendant in the above-styled action, and State Farm Fire and Casualty Company."

1

*Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999)). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King*, 169 F.3d at 1319 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).[2] Substantial reasons include undue delay, futility, bad faith, and dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The amendment would be futile if "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Further, Plaintiff was acting *pro se* when the current complaint was filed. As such, the complaint will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." Diaz v. AT&T Mobility, No. 1:10-CV-3356-RLV-JSA, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).

Here, Plaintiff is an 88-year-old widower. He timely responded to the Court's Order (Doc. 8) entered July 31, 2025, in which the Court notified Plaintiff that the Motion to Dismiss had been filed, cautioned the Plaintiff, as a then *pro se* party, of the ramifications of failing to respond to the Motion to Dismiss, and permitted Plaintiff twenty-one days to respond to the Motion to Dismiss and/or to obtain counsel should he so desire. Plaintiff's willingness to liquidate some of his investment holdings to retain counsel reflects the importance he attaches to this matter. In addition, as noted in the Motion for Leave, State Farm included, as an exhibit to the Motion to Dismiss, a certified copy of the insurance policy it issued to Plaintiff. This action reflects State Farm is clearly aware of the complaint and the specific contract at issue.

State Farm's assertion that amending the complaint would be futile because "all or part" of Plaintiff's claims are time barred is without merit. If only part of the claims are time barred, the complaint may be amended to include only claims that are not time barred. State Farm's assertion that it does not exist as a legal entity and that the Court lacks personal jurisdiction over it because process and service of process were improper are also with merit. State Farm has not provided any legal authority on which the Court should preclude Plaintiff

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

from amending his complaint to substitute State Farm Fire and Casualty Company in place of "State Farm," particularly where the identity of the intended defendant is abundantly clear. Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. *See Oldaker v. Giles*, No. 7:20-CV-224, 2023 WL 11963969 (M.D. Ga. Sept. 30, 2023) (permitting plaintiffs to file amended complaint correcting certain defendants' names and allowing time to serve properly named defendants where they clearly had notice of complaint).

Upon its review of the Record in this matter, including the arguments of counsel, the Court finds that State Farm has not provided a substantial reason for the Court to deny the Motion for Leave to amend, but that justice requires that Plaintiff be given leave to file an amended complaint.

Accordingly, Plaintiff's Motion for Leave (Doc. 10 at 3–4) is **GRANTED**, as follows:

1. On or before **Tuesday, September 16, 2025**, Plaintiff may file and properly serve an amended complaint substituting State Farm Fire and Casualty Company as the real party in interest in place of "State Farm," and making such other amendments as counsel deems appropriate; and

2. On or before **Tuesday, September 23, 2025**, Plaintiff shall file proof of service on State Farm Fire and Casualty Company.

**SO ORDERED**, this 3rd day of September 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**