IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **ROGER PHILLIPS,** | : | |
| | : | |
| Plaintiff, | : | CASE NO: |
| v. | : | 7:25-cv-75–WLS |
| | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 17) ("Motion to Dismiss") filed September 19, 2025. Therein, under Federal Rules of Civil Procedure 12(b)(2), (b)(4), (b)(5), and (b)(6), Defendant moves to dismiss Plaintiff's Amended Complaint for Damages (Doc. 14) ("FAC") filed September 5, 2025. Also before the Court is Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 21) ("Response") filed September 30, 2025, opposing such motion. Alternatively, Plaintiff filed a second Amended Complaint for Damages (Doc. 20) ("SAC") on September 30, 2025. In his Response, Plaintiff states that pursuant to Rule 15(a)(1) he is allowed to file an amended complaint once as a matter of course no later than twenty-one days after service of a motion under Rule 12(b). Alternatively, Plaintiff also requests leave to file the second amended complaint (Doc. 21 at 3–4) ("Motion for Leave"). Finally, Defendant's Request for Oral Argument (Doc. 18) is also before the Court.

**I.   MOTION FOR LEAVE**

Pursuant to Federal Rule of Civil Procedure 15:

A party may amend its pleading once as a matter of course no later than:

   (A) 21 days after serving it, or

   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

By Order (Doc. 13) entered September 3, 2025, Plaintiff was granted leave to file an amended complaint on or before September 16, 2025, and was required to file proof of service of such amended complaint on or before September 23, 2025. Plaintiff complied with the Order, filing the FAC on September 5, 2025, and filing an Affidavit of Service on September 23, 2025 (Doc. 19) reflecting that Defendant was served on September 22, 2025.

Significantly, leave to file the FAC was given pursuant to Rule 15(a)(2), not 15(a)(1). Further, Rule 15(a)(1) does not restrict its use to the first amendment of a pleading. Plaintiff has not filed an amended complaint pursuant to Rule 15(a)(1). The Motion to Dismiss was filed September 19, 2025. The SAC and the Response/Motion for Leave were filed September 30, 2025, well within the twenty-one day deadline.

Defendant attached to its first motion to dismiss a Certified Policy Record (Doc. 7-1) showing the Plaintiff as the insured and showing Plaintiff's residence as the insured property. Nevertheless, in the Motion to Dismiss currently before the Court, Defendant moves to dismiss the FAC, in part, on the bases that Plaintiff failed to allege that Defendant insured the subject home and failed to identify a policy number with Defendant. The Plaintiff seeks to amend his complaint to resolve these issues.

The Court finds that under Rule 15(a)(1) Plaintiff was permitted to file the SAC as a matter of course and without leave of Court. In any event, the Court further finds that Plaintiff has shown that justice requires Plaintiff be given leave to file an amended complaint.

Accordingly, the Court accepts Plaintiff's second Amended Complaint for Damages (Doc. 20) as the operative complaint in this case.

## II.     MOTION TO DISMISS

Defendant asserts the Court does not have jurisdiction over it, "unless plaintiff properly serves [Defendant] with the amended complaint and files the return of service prior to September 23, 2025." (Doc. 17 at 1). Defendant's Motion to Dismiss was filed September 19, 2025, before the September 23, 2025 deadline for Plaintiff to file the documents on which Defendant's contests the Court's jurisdiction. As noted above, the FAC and the evidence of service of process were timely filed. The Court finds these allegations premature when filed, and now baseless.

The Plaintiff's second Amended Complaint for Damages (Doc. 20), filed pursuant to Rule 15(a)(1), renders Defendant's Motion to Dismiss moot.

Accordingly, Defendant's Motion to Dismiss (Doc. 17) is **DENIED**, as moot, without prejudice.

### III.  REQUEST FOR ORAL ARGUMENT

Based on the foregoing, oral argument is unnecessary.

Accordingly, Defendant's Request for Oral Argument (Doc. 18) is **DENIED**, as moot.

**SO ORDERED**, this 1st day of October 2025.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**