**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| **ROGER PHILLIPS,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO:** |
| **v.** | : | **7:25-cv-75–WLS** |
| | : | |
| **STATE FARM FIRE AND CASUALTY** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Claim for Attorney's Fees and Punitive Damages Contained in Plaintiff's Second Amended Complaint (Doc. 24) ("Motion"), Plaintiff's Response (Doc. 25) thereto, and Defendant's Reply (Doc. 26). After review, the Court grants the Motion to Dismiss.

## I.    PROCEDURAL BACKGROUND

Plaintiff commenced the above-captioned action on April 28, 2025, by filing a *pro se* Complaint (Doc. 1-1 at 2) in the Superior Court of Lowndes County, Georgia. On June 11, 2025, Defendant filed its Special Appearance, Answer and Defenses (Doc. 1-1 at 4–7) and Notice of Removal, pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction (Doc. 1). After removal, on June 18, 2025, Defendant filed an Amended Special Appearance, Answer and Defenses of Putative Defendants (Doc. 6). Plaintiff obtained counsel and filed an Amended Complaint for Damages (Doc. 14) on September 9, 2025. A second Amended Complaint for Damages (Doc. 20) ("Complaint"), which is the operative Complaint, was filed September 30, 2025. Plaintiff alleges a claim for breach of contract. For relief, Plaintiff seeks (1) judgment in his favor for breach of contract and an award of compensatory, economic, and consequential damages in an amount to be determined at trial, (2) punitive and exemplary damages, (3) attorney fees and expenses of litigation, (4) costs, and (5) such other relief deemed just and proper. (Doc. 20 at 7).

Defendant's Motion has been fully briefed and is ripe for resolution.

1

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.[1] A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Iqbal*, 556 at 679 (citing *Twombly*, 550 U.S. at 555)).

---

[1] As a threshold issue, the Court notes that Federal Rule of Civil Procedure 12(h) provides that "[f]ailure to state a claim upon which relief can be granted, . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is included in the pleadings allowed under Rule 7(a). As Plaintiff has not raised this issue in his Response to the Motion to Dismiss, the Court declines to consider whether Defendant waived the filing of a Rule 12(b)(6) motion by filing its Answer prior to filing the instant Motion to Dismiss, or whether such motion should be construed as a Rule 12(c) motion for judgment on the pleadings—which, in any event, would result in applying the same standard as in a Rule 12(b)(6) motion.

### III.   MOTION TO DISMISS

#### A.  The Allegations

With the above standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, Plaintiff owns the property and improvements thereon located at 606 Gornto Road, Valdosta, Georgia, in Lowndes County, Georgia (the "Property"). (Doc. 20 ¶ 7). The Property was insured by Defendant under Policy No. 11-G7-W600-1 ("Policy") which provides insurance coverage for the dwelling, other structures, personal property, debris removal, and tree, shrubs, and landscaping. (*Id.* ¶¶ 6–8). The Policy was in effect on September 27, 2024, Hurricane Helene caused substantial damage to the Property and to Plaintiff's personal property ("Loss"). (*Id* ¶ 9, 11). Due to the extent of the damage, Plaintiff is no longer able to inhabit the Property. (*Id.* ¶ 10). Plaintiff alleges the Loss is covered by the Policy and that he timely notified Defendant of the Loss and made a claim pursuant to the Policy. (*Id.* ¶ 12). Defendant assigned Claim No. 11-80M6-39S to Plaintiff's Loss and inspected the Property. (*Id.* ¶¶ 13–14). Plaintiff contends that he has fully cooperated with Defendant and its representatives to make the Property available for inspection. He has performed all applicable conditions precedent as required under the Policy, including the timely payment of premiums, timely notice of the claim, mitigation, and/or that Defendant has waived any and all other conditions. (*Id.* ¶¶ 15–16, 21). Finally, Plaintiff alleges that despite his timely demand that Defendant pay the covered losses, Defendant has frivolously and baselessly failed and refused to pay Plaintiff's claim under the term of the Policy, causing further delay in restoring Plaintiff's property to its pre-loss condition. (*Id.* ¶ 26).

Plaintiff alleges that on March 20, 2025, Defendant denied coverage for the Loss. (*Id.* ¶ 17). Plaintiff contends he has exhausted all reasonable means possible to resolve this dispute with Defendant, but was constrained to hire legal counsel, incurring additional expenses, and filing of a lawsuit, to resolve this matter. (*Id.* ¶ 19). Plaintiff further alleges Defendant has not acted fairly and honestly toward him in assessing his Loss in contravention of its duty of good faith and fair dealing to properly dispose of Plaintiff's claim. (*Id.* ¶ 18, 32).

3

### B. Analysis

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's requests for relief in the form of punitive damages and attorney fees for failure to state a claim. Defendant asserts O.C.G.A. § 33-4-6 provides the exclusive statutory basis under which an insured may recover attorney fees and punitive damages against his insurer. O.C.G.A. § 33-4-6 which provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6 so as to be entitled to attorney fees and punitive damages, Plaintiff must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Barron v. State Farm Fire & Cas. Co.*, No. 7:25-CV-4, 2025 WL 2045728, at *3 (M.D. Ga. July 21, 2025) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6))); *see also Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) (same). "Since the statute imposes a penalty, its requirements are strictly construed." *BayRock Mortg. Corp.*, 648 S.E.2d at 435 (citation omitted).

To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "[A] plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists[.]" *State Farm Fire & Cas. Co. v. Diner Concepts, Inc.*, 370 F. App'x 56, 58 (11th Cir. 2010) (per curiam). Defendant did not assert that Plaintiff failed to plead sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*. Nor did Defendant assert that Plaintiff failed to plead sufficient facts to plausibly allege that Defendant's failure to pay was motivated by bad faith.

Rather, Defendant contends that Plaintiff fails to state a claim for bad faith because he failed to allege that he made a demand for payment more than 60 days prior to filing this

4

action. (Doc. 24-1 at 6). Defendant further alleges that Plaintiff failed to "allege that he made a pre-suit demand at all." (*Id.*). Plaintiff counters that he did in fact make a demand for payment at paragraph 26 of his Complaint in which he alleges:

> Despite Plaintiff timely demanding that State Farm pay the covered losses, State Farm has frivolously and baselessly failed and refused to pay Plaintiff's claim under the terms of the Policy, causing further delay in restoring Plaintiff's property to its pre-loss condition.

(Doc. 20 ¶ 26). Defendant contends this allegation is insufficient because it is conclusory and does not allege that Plaintiff made a proper demand pursuant to O.C.G.A. § 33-4-6 more than 60 days prior to filing this action. (Doc. 26 at 2).

As noted above, O.C.G.A. § 33-4-6 must be strictly construed. Nowhere in his Complaint does Plaintiff refer to § 33-4-6 or specifically request the limited damages recoverable under such statute. Thus, it is unclear from Plaintiff's allegation in paragraph 26 whether he means he made a timely demand pursuant to the Policy provisions or whether he made a timely demand pursuant to § 33-4-6. Significantly, Georgia case law clearly reflects that § 33-4-6 is the only basis upon which an insured may recover attorney fees and bad faith damages against an insured. "Section 33–4–6 is the exclusive remedy for an insurer's bad faith refusal to pay its insured's claim, and thus punitive damages and attorney's fees are not available under any other Georgia statute. *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586, 2014 WL 6810727, at *11 (N.D. Ga. Dec. 3, 2014) (citing *Globe Life & Acc. Ins. Co. v. Ogden,* 357 S.E.2d 276 (Ga. Ct. App. 1987) (because insured's action against insurer for refusal to pay claim was mere breach of contract claim, punitive damages, other than under O.C.G.A. § 33–4–6, were not available for insurer's failure to pay).

> The damages sought to be recovered are in the nature of a penalty, which [insured] claims [insurer] owes [him] because of its failure to promptly settle [his] claim. The penalties imposed against insurance companies doing business in this State for their failure or refusal to pay claims within a reasonable time after demand has been made are fixed by the provisions of O.C.G.A. § 33-4-6. Insofar as the insured's action against the company is based on a mere breach of contract, this remedy is exclusive.

*Globe Life & Acc. Ins. Co.*, 357 S.E.2d at 277 (1987) (cleaned up); *see also Powers v. Unum Corp.*, 181 F. App'x 939, 944 n.8 (O.C.G.A. § 33–4–6, provides insureds the exclusive procedure to recover attorney fees); *Balboa Life & Cas., LLC v. Home Builders Fin., Inc.*, 697 S. E. 2d 240, 245

(Ga. Ct. App. 2010) (finding that the mortgagee's claim for expenses of litigation, "including attorney fees, under O.C.G.A. § 13-6-11 was not authorized because the penalties contained in O.C.G.A. § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds" (alterations adopted) (internal quotation marks omitted)); *Butler v. Nationwide Mut. Fire Ins. Co.*, No. 1:21-CV-2138, 2022 WL 684157, at *10 (N.D. Ga. Mar. 8, 2022) (finding that "[t]he penalties contained in OCGA § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." (internal quotation marks omitted)).[2]

Here, Plaintiff has not alleged facts from which the Court can infer that he asserted a claim for relief for bad faith damages and attorney fees under § 33-4-6. Specifically, Plaintiff failed to plead facts evidencing his compliance with § 33-4-6 and its timeline. As noted, because the statute is punitive, its provisions must be strictly interpreted. *See BayRock Mortg. Corp.*, 648 S.E.2d at 435 (stating that because § 33-4-6 imposes a penalty, its requirements are strictly construed).

## IV.    CONCLUSION: MOTION TO DISMISS

Based on the foregoing, the Court finds that Plaintiff failed to state a claim for relief in the form of damages and attorney fees under O.C.G.A. § 33-4-6. Accordingly, upon full review of the pleadings, the parties' briefs, and the Record in this matter, Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**. Plaintiff's Prayer for Relief for punitive and exemplary damages is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 24th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court is aware that it has recently found that Rule 12(b)(6) is an improper vehicle for testing whether a plaintiff is entitled to relief in the form of prejudgment interest. *See Young v. State Farm Fire & Cas. Co.*, No. 7:25-cv-160, slip op. 11-12 (M.D. Ga. July 23, 2026). This case is, however, distinguishable from *Young* in two respects. First, Plaintiff did not raise the issue of the applicability of Rule 12(b)(6) to remedies requested in its Prayer for Relief. Second, unlike prejudgment interest and as discussed above, § 33-4-6 is the exclusive statutory provision under which Plaintiff can recover attorney fees and bad faith damages from his insurer. Recovery under that statute requires specific factual allegations which Plaintiff has failed to plead.